| | |
|---|---|
| THERESA LOCKE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLIANT TECHSYSTEMS ) <br> OPERATIONS LLC ) <br> Serve Registered Agent: ) <br> CT Corporation System ) <br> 120 South Central Avenue ) <br> Clayton, MO 63105 ) <br> ) <br> and ) <br> ) <br> ORBITAL ATK, INC. ) <br> Serve Registered Agent: ) <br> CT Corporation System ) <br> 120 South Central Avenue ) <br> Clayton, MO 63105 ) <br> ) <br> Defendants. ) | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Theresa Locke, by and through the undersigned counsel, and states and alleges as follows for her Complaint for Damages against Defendants Alliant Techsystems Operations LLC and Orbital ATK, Inc.:

### INTRODUCTION

1. In violation of 42 U.S.C. §12101, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981, Plaintiff, while an employee of Defendants Alliant Techsystems Operations LLC, and Orbital ATK, Inc., was subjected to unlawful discrimination based on her race and her status as an individual with a disability/perceived disability.

2. Plaintiff seeks compensatory and punitive damages against Defendants.

## PARTIES

3. Plaintiff is an African American female citizen of the United States of America.

4. Defendant Alliant Techsystems Operations LLC ("Alliant") is and was at all times relevant herein, a Delaware entity that conducted business in the state of Missouri at its location in Independence, MO.

5. Defendant Orbital ATK Inc. ("Orbital") is and was at all times relevant herein, a Delaware entity that conducted business in the state of Missouri at its location in Independence, MO.

6. Defendants Alliant and Orbital were Plaintiff's joint employers or alternatively, formed an integrated enterprise and should be treated as Plaintiff's single employer.

7. Upon information and belief, Plaintiff was formally hired by Defendant Alliant.

8. Upon information and belief, Defendants Alliant and Orbital have an interrelation of operations at the Lake City Army Ammunition Plaint in Independence, Missouri.

9. Upon information and belief, management-level employees of Defendant Orbital, including but not limited to Vice President and General Manager of Orbital Kent Holliday, are responsible for responding to allegations received by Occupational Safety and Health Administration ("OSHA") on behalf of Defendants Alliant and Orbital.

10. Upon information and belief, management-level employees of Defendant Orbital, including but not limited to Audra Smith, had control of employment decisions

relating to Plaintiff and other employees of Alliant, including the ability to train, discipline, provide accommodations, and enforce the policies of Orbital and Alliant.

11. Upon information and belief, Defendants Alliant and Orbital have a commonality of workplace policies and procedures which were created by Defendant Orbital.

12. Upon information and belief, there will likely be evidentiary support to demonstrate that Defendants Alliant and Orbital have common ownership and common financial control, as well as an interrelation of operations as it relates to advertising, publicity, electronic mail addresses/domain names, and website.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the matter involves a question of federal law.

14. Jurisdiction is proper over Defendants as they transacted business in the State of Missouri and the acts or omissions alleged herein occurred in the State of Missouri.

15. Venue is proper in this Court as the alleged acts, omissions, and occurrences giving rise to the claims asserted occurred in Independence, Missouri.

## CONDITION PRECEDENT

16. Plaintiff filed a timely Charge of Discrimination jointly with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights. *A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.*

3

17. Plaintiff thereafter received her Notice of Right to Sue issued by the EEOC permitting her to assert the federal claims alleged herein. *A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.*

18. Defendants Orbital and Alliant share a sufficient identity of interest such that Defendant Alliant had notice of Plaintiff's Charge of Discrimination.

19. This action is timely filed with the Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

20. Plaintiff is and was at all times relevant herein an employee of Defendants Alliant and Orbital.

21. Plaintiff was hired by Defendants on or about July 7, 2015.

22. In November 2015, Plaintiff was diagnosed with breast cancer.

23. In December 2015, Plaintiff had surgery for her breast cancer.

24. Plaintiff also had twenty-three rounds of radiation to treat her breast cancer.

25. Plaintiff was permitted time off from work for the surgery and radiation treatments.

26. On or about March 3, 2016, Plaintiff saw a letter posted in the workplace dated February 23, 2016, from OSHA Area Director Barbara Theriot.

27. The letter indicated that OSHA had received a complaint that Building 1, which was the building where Plaintiff was assigned to work, was filled with an air pollutant called KLY, which was known to cause cancer.

28. The letter further stated that Defendants were to do an investigation into the allegation and advise OSHA of the results of the investigation.

4

29. Plaintiff contacted Kathy White, quality inspector, and supervisor, Sam Clinzer, about her concern for working in an environment with air pollutants known to cause cancer.

30. Plaintiff presented Defendants' medical department and human resources department with notes from her doctor indicating she should not return until the building had been tested and clearance given regarding the alleged hazardous air pollutants.

31. Plaintiff also requested a report of the investigation that Defendants conducted to comply with OSHA's request. Initially, Defendants did not provide Plaintiff a copy of the investigation report.

32. Plaintiff began calling into work because she feared her health was in jeopardy and believed the doctor's note she presented to Defendants was sufficient to justify her absence from work until the building had been deemed free of air pollutants.

33. Defendants never gave Plaintiff any verbal or written warnings regarding Plaintiff's calling in to work.

34. At approximately the same time Plaintiff began calling into work, she also began requesting Defendants accommodate her by transferring her to another building.

35. Defendants' HR Director, Carlo Amato, told Plaintiff she could be transferred to another building so long as her supervisor, Audra Smith, approved the transfer.

36. Audra Smith objected to moving Plaintiff out of the building, telling Plaintiff that only temporary workers could be moved without "bidding out" for another position.

37. Plaintiff is aware of a Caucasian employee who requested an accommodation to work in another building and was granted that accommodation without completing the "bid out" process.

5

38. Plaintiff is aware of another African American employee who requested an accommodation for light duty but was denied that accommodation.

39. Eventually, Defendants provided Plaintiff with a report, but it was dated January 2016, which meant the report was made prior to OSHA's February 23, 2016 letter and request for Defendants to investigate.

40. Plaintiff contacted OSHA and asked for a copy of the report OSHA had received from Defendants.

41. Plaintiff made several phone calls to OSHA regarding her concerns.

42. Plaintiff also sent OSHA a letter on March 17, 2016, regarding her concerns that Defendants did not comply with the inspection as directed by OSHA in its February 23, 2016 letter to Defendants.

43. The report OSHA provided Plaintiff was the same January 2016 report Defendants provided Plaintiff.

44. Plaintiff complained to OSHA that Defendants had not conducted an investigation in response to OSHA's letter dated February 23, 2016.

45. Plaintiff complained to her supervisor and human resources that there had not been an investigation conducted in response to OSHA's letter.

46. On or about April 19, 2016, Defendants terminated Plaintiff.

47. Defendants failed to engage in the interactive process to accommodate Plaintiff's disability/perceived disability of breast cancer.

48. Defendants failed to accommodate Plaintiff's disability/perceived disability of breast cancer, including failing to find an alternative, safer working environment for Plaintiff.

6

49. Defendants knew it was unlawful to discriminate on the basis of race and disability/perceived disability but did so regardless.

50. Defendants knew or should have known of the conduct of its supervisors, including but not limited to the conduct of supervisor Audra Smith who denied Plaintiff's accommodation request and terminated Plaintiff's employment.

51. At all times mentioned herein, the above referenced perpetrators, were agents, employees and servants of Defendants Alliant and Orbital, and were at all such times acting in within the course and scope of their employment, and/or their actions were expressly authorized by Defendants Alliant and Orbital, thus making Defendants liable under the doctrine of *respondeat superior*.

### COUNT I
### ADA – Disability Discrimination
### (Against All Defendants)

52. Plaintiff incorporates herein by reference every other allegation of this Complaint as if fully set forth herein.

53. The ADA/ADAA prohibits discrimination against a person who has or is regarded as having a physical impairment that substantially limits one of more of her major life activities.

54. The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability/perceived disability and constitute discrimination based on disability.

55. By failing and refusing to engage in the interactive process and/or refusing to accommodate Plaintiff with respect to her disability Defendants engaged in conduct that is prohibited by the Americans with Disabilities Act. 42 U.S.C.§ 12101 *et. seq*.

7

56. Plaintiff suffered tangible adverse employment actions as a result of Defendants conduct as referenced herein.

57. Defendants conduct caused Plaintiff emotional distress, including embarrassment, stress, anxiety and depression.

58. The conduct of Defendants described herein would have detrimentally affected a reasonable person in Plaintiff's position.

59. Defendants' treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person who has or is regarded as having a physical impairment that substantially limits one or more major life activities.

60. Supervisory and administrative-level employees knew or should have known of the discrimination but failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

61. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish Defendants and to deter it and others from similar conduct.

62. At all times mentioned herein, the above-referenced perpetrators were employees, agents and servants of Defendants and were at all such times acting within the course and scope of their employment with Defendants and/or their actions were expressly authorized by Defendants Alliant and Orbital making Defendants Alliant and Orbital liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count I of the First Amended Complaint, for a finding she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §12101 *et. seq.*, for an award of

compensatory and punitive damages, pre-judgment and post-judgment interest as provided by law, for her costs expended, reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT II
### Title VII – Race Discrimination
### (Against All Defendants)

63. Plaintiff incorporates by reference every other allegation of this Complaint as if fully set forth herein.

64. Plaintiff is African American.

65. Plaintiff requested an accommodation for her disability/perceived disability of breast cancer.

66. Based on information and belief, Caucasian employees of Defendants have been granted requested accommodations for disabilities/perceived disabilities, including the accommodation of a transfer to another building.

67. Based on information and belief, other African American employees of Defendants have been denied accommodations for disabilities/perceived disabilities.

68. Defendants discriminated against Plaintiff by denying her an accommodation on the basis of her race.

69. Defendants discriminated against Plaintiff on the basis of her race by terminating her employment.

70. Plaintiff's race was a motivating factor in the Defendants' discriminatory conduct.

71. Defendants' conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and the rights

9

of others, and therefore Defendants are liable for punitive damages for punishment and deterrence purposes.

72. At all times mentioned herein, the above-referenced perpetrators were employees, agents and servants of Defendants and were at all such times acting within the course and scope of their employment with Defendants and/or their actions were expressly authorized by Defendants Alliant and Orbital making Defendants Alliant and Orbital liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment against Defendants, for a finding that she suffered race discrimination in violation of Title VII, for compensatory and punitive damages, for her reasonable attorneys' fees, costs, and for such other relief the Court deems just, proper, and equitable.

## COUNT III
## Violation of 42 U.S.C. § 1981
## (Against All Defendants)

73. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

74. During the course and scope of Plaintiff's employment, Defendants Alliant and Orbital's representatives, agents and employees, acting within the course and scope of their employment, intentionally discriminated against Plaintiff based on her race and color in the making and enforcing of a contract.

75. Defendants' discrimination included, but was not limited to, denying Plaintiff a reasonable accommodation and terminating Plaintiff from employment.

76. Defendants, through their representatives, agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

77. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants to punish them and deter others from like conduct.

78. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Alliant and Defendant Orbital on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all triable issues.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: */s/ Ashley S. Grace*
Anne Schiavone, MO Bar #49349
Ashley S. Grace, MO Bar #67565
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112

Telephone: 816.283.8738
Facsimile: 816.283.8739
aschiavone@hslawllc.com
agrace@hslawllc.com

ATTORNEYS FOR PLAINTIFF